**EUBANKS et al. v. SCHWALBE et al.**
No. 3921.

Court of Civil Appeals of Texas. Amarillo.
Dec. 14, 1932.

Rehearing Denied Jan. 11, 1933.

Levens, McWhorter & Howard, Lockhart & Brown, and Tom Garrard, all of Lubbock, for appellants.

Bean & Klett, of Lubbock, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee H. L. Schwalbe.

Bledsoe, Crenshaw & Dupree, of Lubbock, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellee United States Fidelity & Guaranty Co.

Terry, Cavin & Mills, of Galveston, Madden, Adkins, Pipkin & Keffer, of Amarillo, and Wilson, Randal & Kilpatrick, of Lubbock, for appellee Panhandle & Santa Fé Ry. Co.

JACKSON, J.

This suit was instituted by the appellants, the surviving wife, minor daughter, and parents of. Fletcher S. Eubanks, deceased, for whose injuries and death they sought to recover damages against H. L. Schwalbe, doing business under the assumed name of Interstate Contracting Company, and the two corporations, the United States Fidelity & Guaranty Company and the Panhandle & Santa Fé Railway Co.

The court sustained a general demurrer to the cause of action alleged against each of the defendants, the case was dismissed, and such action of the court is here for review.

There is no question about the allegations of the relation of the appellants to the deceased, their dependency and damages, if their petition alleges a cause of action against the defendants for the injuries and death of the deceased.

The appellants alleged:

That on or about March 16, 1931, H. L. Schwalbe contracted with the state of Texas to pave and otherwise improve that part of state highway No. 9 extending north from the city of Lubbock to the line of Hale and Lubbock counties, a distance of approximately twenty miles. That such part of said highway was east of the railroad of the Panhandle & Santa Fé Railway Company, and, at a point about six miles from Lubbock, was originally located adjacent to the east line of the right of way of said railroad and as so located continued through the town of Monroe, which is about eleven miles from Lubbock.

That the plan for the improvements required the route of the old highway to be changed so as to pass under the railroad about six miles north of Lubbock and continue on the west side thereof through the town of Mon-

roe. That the state highway department, by agreement with the railway authorities, made an excavation under the railroad property, which, when completed, was to constitute an underpass through which the improved highway would pass under the railroad. That such excavation was about fourteen feet deep, with perpendicular banks, and about thirty feet in width, and extended directly across the old highway, and there was no barrier across the road and no warning light or signal to give notice of danger. That some one had constructed a detour which left the old highway about one hundred feet north of the excavation and passed to the east and re-entered said highway south of the excavation, but there was no barrier or warning to apprise a traveler at night that such detour existed or that there was an excavation across the road, but, on the contrary, those working upon the excavation had been driving their automobiles over the old road from the intersection of the detour to the excavation, giving the road the appearance of a traveled highway, and constituting an invitation to travelers to proceed thereon.

That on April 9, 1931, about 11 o'clock at night, Fletcher S. Eubanks, while traveling along the old highway toward the town of Lubbock, as he had a right to do, drove his automobile into said excavation, receiving injuries which resulted in his death. That, prior to the time of the accident resulting in the death of Fletcher S. Eubanks, the defendant H. L. Schwalbe, under his contract with the state highway department, took active charge and control of the right of way for the highway between the town of Lubbock and the line of Lubbock and Hale counties, which included the excavation under the tracks of the railway company and the approaches thereto where the accident occurred, and began preparing the right of way for the paving, including the laying of water lines and other necessary work on the premises. That prior to and after the time H. L. Schwalbe assumed active charge and control of the right of way, including the excavation, the highway between Lubbock and Monroe was not closed, but was kept open for public travel, and large numbers of vehicles were operated over such road both day and night, all of which was well known to H. L. Schwalbe, his agents, and employees, or by the exercise of ordinary care and prudence would have been known to him and his employees. That, when H. L. Schwalbe assumed active control of the road, including the excavation in question, it became his duty to erect and maintain on the highway, and in front of said excavations, suitable and sufficient barriers, lights, and warning signs to apprise the deceased and the traveling public of the excavation and the danger thereof. That H. L. Schwalbe, his agents and employees, knowing of such dangerous situation, negligently and carelessly failed to erect or maintain any light, barrier, or warning signs whatever across such highway, and negligently permitted the old highway to remain open at said excavation and such negligence and carelessness was the proximate cause of the injury and death of Fletcher S. Eubanks.

That, in addition to the duties above alleged, H. L. Schwalbe, by his contract with the state, promised and agreed to erect and maintain sufficient barriers, lights, warnings and signs in front of such excavations to warn the traveling public of the danger thereof.

These allegations, in our opinion, are sufficient to authorize appellants to maintain their suit against H. L. Schwalbe under the provisions of article 4671, R. C. S., which states that an action for actual damages on account of the injuries causing the death of any person may be brought "when an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskillfulness, or default of another person."

Article 5525, R. C. S., as amended by Acts 1927, c. 239, § 1 (Vernon's Ann. Civ. St. art. 5525), provides, in effect, that, in case of death, a cause of action shall survive to and in favor of the heirs and legal representatives of the injured party and against the person or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person in whose favor the cause of action arose were still living.

"There are wrongs which will maintain an action on the case, known to the common-law pleading, committed in the nonobservance of duties which are but the implication of contract obligation. Wherever there is carelessness, want of reasonable skill, or the violation or disregard of duty which the law implies from the conditions or attendant circumstances, and individual injury results therefrom, an action in tort lies in favor of the party injured. If the transaction had its origin in a contract which places the parties in such relation as that in performing or attempting to perform the service promised the wrong is committed, then the breach of the contract is not the gravamen of the action. There may be no technical breach of the letter of the contract; the contract in such case is a mere inducement and should be so pleaded. It induces, causes, creates the conditions or state of things which furnishes the occasion for the wrong." Pecos & N. T. Ry. Co. v. Amarillo Street Railway Co. (Tex. Civ. App.) 171 S. W. 1103, 1105.

The Supreme Court of Alabama, in Thaggard v. Vafes, 218 Ala. 609, 119 So. 647, 649, says: "While the authorities are agreed that a mere breach of contract is not a wrongful

or negligent act, within the meaning of the statutes giving a right of action for wrongfully causing death, yet they are also agreed that the negligent or tortious breach of a duty to. the person whose death is caused thereby is within the statute, though such duty arises out of contract. Peck v. Henderson, 218 Ala. 233, 118 So. 262; 17 C. J. 1204, § 54; Blackburn's Adm'r v. Curd, 106 S. W. 1186, 32 Ky. Law Rep. 789; Randolph's Adm'r v. Snyder, 139 Ky. 159, 129 S. W. 562; 38 Cyc. 426; Dice's Adm'r v. Zweigart's Adm'r, 161 Ky. 646, 171 S. W. 195, L. R. A. 1916F, 1155."

The Supreme Court of Missouri, in Braun v. Riel, 40 S.W.(2d) 621, 623, 80 A. L. R. 875, says: "It is well settled that, while a 'tort' is a wrong done independent of contract, there are torts committed in the nonobservance of contract duties. And if a tort arising out of nonobservance of such duties results in a death, a surviving person entitled to sue may avail himself of the Wrongful Death Statute."

■ A contractor doing construction work on a public highway under a contract with the highway commission is required to exercise ordinary care to protect travelers who are rightfully using the highway, and is guilty of actionable negligence for failing to give warnings of dangers which result in injury to such traveler. Overstreet v. McClelland (Tex. Civ. App.) 13 S.W.(2d) 990, and authorities cited. See, also, T. J. Mansfield Construction Co. v. Gorsline (Tex. Com. App.) 288 S. W. 1067; 29 C. J. 678.

In our opinion, the court erred in sustaining the general demurrer of H. L. Schwalbe to plaintiffs' petition.

The appellants pleaded certain provisions of the contract between the state of Texas and H. L. Schwalbe and the bond given by the United States Fidelity & Guaranty Company, the effect thereof, and attached to and made a part of their petition copies of such contract, bond, proposals, plans, and specifications for the construction of the new highway.

The contract, among other things, provides:

"Public Safety and Convenience. The safety of the public and the convenience of traffic shall be regarded as of prime importance during construction. The Department will maintain independent detours as shown on plans and the Contractor will not be responsible for the maintenance and direction of traffic thereon. In all other respects public safety and convenience, and provisions therefor made necessary by the work, shall be the direct responsibility of the Contractor. * * *

"Only such portions of the highway shall be closed to traffic as may be directed by the Engineer. The Contractor shall not close to traffic any bridge or culvert or any portion of a highway until an adequate detour has been constructed, Department standard barricades erected, and Department standard 'Road Closed' and 'Detour' signs placed. * * *

"Barricades and Danger, Warning and Detour Signs. When any section of highway is closed to traffic the Contractor shall furnish and maintain at each end of the closed section, and at all intersecting roads within the section, Department standard barricades, adequate warning and directing. signs, red lights and red flags. All lights shall be kept burning from sunset to sunrise. * * *

"Responsibility for Damage Claims. The contractor shall save harmless the State from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding the work by the contractor."

The plans attached to the petition of appellants do not show any "independent detour" at the place of the accident to be maintained by the department.

The bond executed to the state by H. L. Schwalbe and the United States Fidelity & Guaranty Company is as follows:

"Know all men by these presents, That we, Interstate Contracting Company, of Yoakum, Lavaca County, and State of Texas, as Principal, and United States Fidelity & Guaranty Co. of Baltimore, Md., as surety, are held and firmly bound unto the State of Texas, represented by the State Highway Engineer, in the penal sum of Three-Hundred-Forty- Five-Thousand- Eight- Hundred- Forty-Eight & 16/100 Dollars ($345,848.16), lawful money of the United States, to be paid to said State of Texas, for which sums of money, well and truly to be paid, we bind ourselves, our heirs, successors, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 14th day of March, A. D., 1931.

"The condition of this obligation is such that if the said bounded principal, Interstate Contracting Co., shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by them (him) performed, and within the time therein mentioned, and shall pay all lawful claims for labor performed, and material furnished in and about the construction of said road and shall have paid and discharged all liabilities for injuries which have been incurred in and about the said construction, under the operation of the statutes of the State, then this obligation is to be void; otherwise to be and remain in full force and virtue.

"Interstate Contracting Co.
"H. L. Schwalbe, Owner.
"United States Fidelity & Guaranty Co.
"By Chas. M. Daley,
"Attorney in Fact, Surety."

The appellants alleged that, under the terms and conditions of the contract and bond and the failure of the defendant Schwalbe to perform the duties imposed on him by his contract with the state of Texas, the United States Fidelity & Guaranty Company is bound and liable to appellants for the damages they sustained by reason of the injuries and death of Fletcher S. Eubanks.

The state, acting through its highway commission, in contracting with H. L. Schwalbe, provided for the safety of the public by expressly stipulating that public safety should be of prime importance, and that the contractor should be directly responsible therefor; that he should not close the highway to traffic until an adequate detour had been constructed and department standard barricades erected, department standard "road closed" and "detour" signs placed at all intersecting roads of the closed section; that lights should be kept burning from sunset to sunrise, and he should save harmless the state from all actions or claims brought on account of any injuries or damages sustained by any person in consequence of any neglect in safeguarding the work.

The bond of the United States Fidelity & Guaranty Company is conditioned that the contractor shall in all things well and truly perform all terms and conditions of the contract, and shall pay and discharge all liabilities which have been incurred by the contractor in and about said construction. This bond is more onerous than required by statute, but this would not defeat the liability of the United States Fidelity & Guaranty Co.

In Shade v. Anderson et al. (Tex. Civ. App.) 36 S.W.(2d) 1041, 1042, the court holds: "The bond was more onerous than that provided by the statute, in that one of the obligations embodied in it was that the principal would discharge 'all liabilities for injuries which have been incurred in and about the said construction.' However, that fact would not of itself be sufficient to enable the defendants to escape liability, if, as shown in the record, it was executed voluntarily by the defendants, and if it was otherwise valid as a common-law obligation. Watkins v. Minter, 107 Tex. 428, 180 S. W. 227; Sullivan v. City of Galveston (Tex. Civ. App.) 17 S.W.(2d) 478; 5 Cyc. pp. 751, 752."

The contract between the state and H. L. Schwalbe having been, in effect, made a part of the bond, the contract and bond must be construed together. 50 C. J. 77.

The petition alleges that H. L. Schwalbe, for the purpose of paving and otherwise improving, was in active charge and control of a certain portion of the highway, including the excavation where the accident occurred. The contract required him to place barricades, lights, and signs to warn those using the highway of dangerous conditions arising by reason of the construction of the improvements. The faithful performance of the contract required a compliance with such provisions. The surety on the bond guaranteed that its principal, the contractor, should faithfully perform the terms and conditions of the contract and pay all liabilities for injuries incurred in and about the construction. Appellants allege that H. L. Schwalbe negligently failed and refused to perform such duties imposed upon him in the contract, and that such failure occasioned the injuries and death of Fletcher E. Eubanks and the damages sustained by them.

The appellants were authorized to maintain their suit against H. L. Schwalbe for their damages on account of his negligence and against the United States Fidelity & Guaranty Company on its liability on the bond.

"The rule has often been announced in Texas that when two causes of action are connected with each other, or grow out of the same transaction, they may be properly joined, and in such suit all parties against whom the plaintiff asserts a common or an alternative liability may be joined as defendants. Clegg v. Varnell, 18 Tex. 294; Love v. Keowne, 58 Tex. 191; Jones v. Ford, 60 Tex. 127; National Bank v. Texas Investment Co., 74 Tex. 421, 12 S. W. 101; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063." American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, 535. See, also, Wilson v. Place (Tex. Civ. App.) 293 S. W. 322; Southern Casualty Co. v. Freeman (Tex. Com. App.) 24 S.W.(2d) 370.

The appellants' petition sufficiently alleges a cause of action against the United States Fidelity & Guaranty Company, and the court erred in sustaining its general demurrer.

The appellants' allegations show that the state highway department, by agreement with the railway authorities, made an excavation under the railroad property, and that the work performed by the employees of said railway company was on the railroad right of way, and that the accident did not occur thereon. They fail to allege any duty devolving upon the railway company that would constitute actionable negligence because it did not erect barricades and place signs to warn the traveling public of the danger. The court correctly sustained the general demurrer urged by the railway company.

The judgment of the trial court sustaining the general demurrer of the railway company is affirmed, and the judgment sustaining the demurrers of H. L. Schwalbe and the United States Fidelity & Guaranty Company is reversed, and the cause as to them remanded.