These two suits grew out of an automobile accident which occurred at the intersection of Lessard and Charles Streets in the City of Donaldsonville on August 18, 1943, when a Chevrolet panel truck traveling west on Charles Street owned by Herbert Bea and driven at the time by his wife, Mabel, was struck by a Ford traveling south on Lessard driven by Anthony Russo, Jr., the minor son of the defendant. The accident occurred after a good dark between 9 and 10 o'clock p.m. The Bea truck was occupied by the said Mabel Bea and by the wife of Penny Douglas, referred to in the petition as "Mrs. Penny Douglas", and by a minor son, Will Douglas. The plaintiffs in the first suit are Herbert Bea and his wife, Mabel. He is claiming the right to recover the sum of $1604.53 representing damage to his truck, loss of consortium of his wife, medical bills and nursing and servant costs and other expenses all allegedly resulting from his wife's injuries. She is seeking to recover $7000 for her personal injuries and for concomitant loss of consortium. Plaintiffs in the other suit are the wife of the said Penny Douglas joined by Penny Douglas individually. She is claiming the sum of $2100 for her alleged physical injuries and he is suing for $2300 on behalf of his minor son for physical injuries.
The plaintiffs charge in each suit that Anthony Russo, Jr., was driving at a high rate of speed upon the left side of Lessard Street, without maintaining any proper lookout, and that he struck the Bea truck standing in a stationary position upon the east or left side of Lessard Street where it had been brought to a stop by Mabel Bea before entering Lessard Street. The answer of the defendant in each suit denies any negligence on the part of young Russo, and alleges that the collision was caused by the fault of Mabel Bea in driving her truck into and across Lessard Street, the right of way street under the town ordinance, immediately in front of the Russo car, and at a time when such action on her part represented a violation of said right of way. In the Bea suit the defendant filed a reconventional demand for damages to his Ford car in the sum of $249.53. No alternative or other plea of contributory negligence is relied upon to bar recovery in either case.
The trial judge rendered judgment in both suits in favor of the defendant, and accordingly dismissed the suits at the plaintiffs' cost. He also dismissed the reconventional demand upon the statement that there was not sufficient evidence to sustain the damages claimed. Plaintiffs in each case have appealed and the defendant has answered the appeal in the Bea suit and asked for an amendment to the decree below so as to allow the said reconventional demand.
Aside from the question of quantum the one issue in each case is as to whether Anthony Russo Jr. was guilty of any fault or negligence which contributed to the accident. There is some conflict in the oral testimony of the witnesses but the physical facts indicate rather conclusively that the impact between the two vehicles occurred at a time when Russo was traveling upon the wrong side of Lessard Street and at a high rate of speed. In considering this question it is important that we have a clear picture of the said intersection. From the sketch in the record it is shown that Lessard Street runs north and south and has a paved slab 18 feet wide. On the east of this slab there is a gravel shoulder a little over 15 feet wide, and then a sidewalk. Charles Street is graveled and at the point where it intersects with Lessard Street the sidewalk on the east side of Lessard extends out into Charles Street on both sides almost 12 feet, leaving a traffic lane between the ends of this sidewalk of 18 1/2 feet. Thus it follows that a car traveling upon Charles Street and approaching the paved portion of Lessard *Page 532 
Street from the east, as was the Bea car, would first be required to pass through the traffic lane between the ends of this sidewalk and proceed a distance of a little over 15 feet before reaching the cast side of the 18 feet of pavement forming the traveled portion of Lessard Street. There is no dispute but that the Bea truck was struck on its right side near the front door. The decided preponderance of the evidence is to the effect that it was turned over and came to rest on the gravel portion of Lessard Street on the east side from 6 to 8 feet east of the 18 foot paved slab. The Chief of Police of Donaldsonville who lives in the vicinity and who went to the scene of the accident within a very short time after it happened so testified. And even young Russo himself admits that the Chief was not far wrong in his statement.
[1, 2] While the preponderance of the testimony is to the same effect, the physical facts are suspectible of no other interpretation than that Anthony Russo, Jr., was at least partially off of the paved portion of Lessard Street on the wrong side of that street at the time of the accident, and was traveling at a fast clip. Where such is the case the physical facts are to be accepted by the Court as the determining factor. That Russo was traveling at a fast clip is shown by the fact that the force of the blow caused the Bea truck to be turned over on its side apparently right at the point where it was struck. Young Russo traveling south on Lessard had passed another car going in the same direction some three-fourths of a block north of the intersection where the accident happened. He gave as his reason for being on the left side of Lessard that he had not had time to get back to his right after passing this car. He and his companion fixed the speed of their car at from 20 to 30 miles per hour. The Chief of Police who lived on Lessard Street a block and a half north of the intersection testified that he heard a car pass his home going at a fast speed and making a lot of noise. Immediately thereafter someone told him that the car which had just passed was in a wreck and he went without delay to the scene.
Although the Chief did not identify the car as it passed his home the circumstances related by him point strongly to the conclusion that it was the Russo car. Moreover the two men in the car which young Russo admitted he passed three-fourths of a block from where the accident occurred testified that they heard but did not see the collision. This was a very limited distance within which to remain beyond the view of the collision unless Russo was traveling at high speed. In any event there was certainly sufficient time and space for Russo to get back into position upon Lessard Street. It seems obvious that rather than doing this Russo was maintaining this position with at least a portion of his car on the shoulder on the east side of Lessard Street, and was continuing to travel at a good speed when he struck the Bea truck standing still or moving at a slow pace on the cast shoulder of Lessard.]
[3] There is no alternative or other plea of contributory negligence on the part of Mabel Bea, as shown, and for this reason under the repeated decisions of this and the other appellate courts of the State the defense of fault on her part of a nature to bar recovery cannot be availed of.
[4] Pretermitting the point, however, the facts do not show negligence on her part that contributed in any way to the accident, since she had not actually invaded the right of way existing in favor of the Russo car at the time of the impact, and since it seems entirely reasonable to conclude under the established facts that the accident would not have occurred if the Russo car had been maintaining a proper place upon the right of way street, and had been traveling at a reasonable rate of speed.
The fact that she had entered the intersection of Lessard Street and was on the gravel shoulder of that street when she was struck, and the fact, if it is a fact, that she was driving in the center or to the left of Charles Street as she approached the intersection do not in the majority opinion of the Court constitute contributory negligence on her part. She had a right to assume that any motorist traveling on Lessard Street would at least stay upon the paved or traveled portion of the street, or at any rate that any such motorist would if he got off the pavement get off on the right rather than the wrong side. She certainly was not required to stop east of the sidewalk projection on the east side of Lessard Street, as after passing this projection traveling at a slow speed she was still in a position to stop, and to do whatever was necessary to extend *Page 533 
full recognition to the right of way existing in favor of Lessard Street before her truck got to the paved or traveled portion. Whether she approached the intersection to the right or to the center or to the left of Charles Street is immaterial for it is clear that she would have been struck by the Russo car even if she had entered on the extreme right side of Charles Street. It was of course impossible for her to do that on account of the projecting sidewalk.
[5] An exception of no cause or right of action was filed by defendant in the Douglas suit on the ground that the minor, Will Douglas, was not represented in the suit by his father. There is considerable confusion in the pleadings and in the evidence as to the correct names of these parties. It is to be noted that in the petition "Penny Douglas" appears on behalf of his minor child "Will Douglas." The wife is described as "Mrs. Penny Douglas." The prayer of the petition is for judgment in favor of Mrs. Penny Douglas for herself, and in favor of Penny Douglas for the use and benefit of said minor. It is obvious that when the attorney for the plaintiff drew the petition he understood the name of the husband to be Penny Douglas, and he thereupon designated the wife as Mrs. Penny Douglas. Yet in the testimony (page 42), the husband is called "Junion Douglas," and is asked several questions relative to his wife, Penny Douglas. In this evidence the boy seems to be named "Junion Will Douglas." The exception was filed after the case was tried. There is nothing in the minutes to indicate that it was acted upon by the trial judge. While the situation is confusing, and should have been cleared up, it would seem that the pleadings could and would have been made compatible with the proof if a proper exception had been filed in the beginning. The matter is not one involving a peremptory defense, or of a nature where the confusion could not have been readily cleared up by proper amendments to the petition at any time during the trial. The father of the boy actually appeared for him, and his identity is established beyond question, even though his name may have been incorrectly shown in the petition. Any errors in the pleadings have been corrected by the proof. Under these circumstances the exception must be overruled.
[6] As to quantum, Mabel Bea is entitled to $1500.00 for her injuries. These injuries are rather serious. The truck in which she was riding turned over on her. She was unconscious thereafter for several hours. She suffered a concussion of the brain, and separation of some ribs from the breastbone. She also suffered shock and some internal injuries. She was confined for some five weeks, and the chest injuries were painful on respiration for some little time. None of her injuries however are permanent.
[7] Herbert Bea has proved the following items: damages to his car in the sum of $149.53, which is the estimated cost of repair; railroad fare for trip home $48; miscellaneous expenses in connection with that trip $25; a minimum sum; doctor bill in the sum of $120, making a total due him of $342.53. His claim for damages on account of loss of consortium of his wife cannot be allowed in view of the present state of our jurisprudence which does not allow or sanction an estimation of such value in monetary terms.
[8, 9] In the second suit the Douglas woman proved that she received an injury to her nose, and a laceration over her eye which required some stitches. Her nose seems to have given her some trouble and according to her testimony she was still being treated for her injury at the time of the trial. An award of $400 is adequate. The minor, Junion Will Douglas, received a cut on his nose and one or two of his teeth were knocked loose. The nervous shock caused him to lose control temporarily of his bowel action. An award of $250 would seem sufficient.
Accordingly, in the case of Herbert and Mabel Bea v. Tony Russo, the decree of the lower Court is reversed, and judgment is rendered herein in favor of Herbert Bea and against the defendant Tony Russo in the sum of $342.53, and in favor of Mabel Bea and against the said Tony Russo in the sum of $1500, with legal interest on both sums from judicial demand until paid. The defendant is to pay all costs in both Courts.
LE BLANC, J., recused.