ROLLINS et ux. v. BEAUMONT–PORT ARTHUR BUS LINES, Inc., et al.

Civ. No. 2637.

United States District Court
W. D. Louisiana, Monroe Division.

Jan. 27, 1950.

Supplemental Opinion March 5, 1950.

property and can be sued for by her alone. Revised Civil Code of 1870, Arts. 2334, 2402.

█ The jurisprudence of the State of Louisiana is to the effect that the husband has no cause of action for loss of consortium of his wife, such as is embraced in the claim for $5000. Any reduction in her ability to perform her household duties, or other damages resulting from her injuries, it would seem, constitute part of the recoverable claims to be included in her own personal action. Bea v. Russo, La.App., 21 So.2d 530; Crier v. Tri-State Transit Co., D.C., 36 F.Supp. 26.

The motion to strike the item of $5000 thus claimed by the husband should be sustained, thus reducing his demand below the jurisdiction of this court, and his complaint will be dismissed. Appropriate decree may be presented.

### Supplemental Opinion

█ In the above case, no judgment has been signed, nor has any motion for a rehearing or new trial been filed, so far as this court is advised, since the handing down of the memorandum herein on January 27, 1950. However, the court, upon further deliberation, has reached the conclusion that its ruling upon the claim of the husband, to the effect that the amount in controversy was below the minimum jurisdiction of this court, was erroneous, and the matter will be reopened in order that the plea to the jurisdiction as to the husband's claim, may be further considered.

█ In a similar case, handed down since this ruling, the court held that any loss of the services of the wife, if there be liability, becomes a claim of the community, of which the husband is the head and master, to be sued for by him. Hollinquest v. Kansas City Southern Railway Company, D.C., 88 F.Supp. 905; and cases cited therein. Unfortunately, the complaint lumped together the demands for "loss of companionship" of the wife, which is not recoverable under the state law, with "loss of services" of the wife "in performing her duties as housewife and mother of their children." If these demands are separated

Fred C. Selby, John A. Patin, Patin & Patin, Lake Charles, for plaintiff.

Plauche & Plauche, Lake Charles, for defendant.

### DAWKINS, Chief Judge.

This is an action in tort by a husband and wife, each claiming damages alleged to have been caused by a collision between an automobile driven by Mrs. Rollins with a bus of the defendant bus company.

Defendants have moved to strike an item of $5000 claimed by the husband for "loss by complainant of pleasant companionship of his wife * * * and loss of the services of his wife in performing her duties as housewife and mother of their children," as not recoverable under Louisiana law, and if sustained, this would reduce his claim to the sum of $2100, less than the minimum jurisdiction of this court and result in his dismissal from the case.

█ It is clear that the items of "medical and hospital expenses incurred and contemplated in connection with injuries suffered by his wife" of $2000, and damages to the automobile of $100, are claims belonging to the community of which the husband is the head and has the sole right to demand; while those for personal injuries to the wife are her separate

so as to show the exact amount of the demand for said "loss of services," this may bring the husband's claim within the jurisdiction of this court.

The matter is, therefore, reopened on the court's own initiative.