Gloria MUSE, wife of Russell Mills, Appellant,

v.

UNITED STATES CASUALTY COMPANY, Appellee.

No. 19505.

United States Court of Appeals Fifth Circuit.

July 25, 1962.

Sherman F. Raphael, Roland J. Sternfels, New Orleans, La., for appellant.

Thomas C. Wicker, Jr., New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and RIVES and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a judgment by the trial court dismissing a direct action suit against the appellee Insurance Company for want of the $10,000 jurisdictional amount. The complaint alleged personal injury to the wife, the plaintiff, of $30,000, $70 damage to the vehicle operated by the plaintiff, and $150 for her loss of wages. It is not disputed that the automobile was owned by the community of "acquets and gains," as known in the Louisiana jurisprudence, existing between the plaintiff and her husband, Russell Mills. So, too, did the wife's lost wages belong to the community.

The question here on appeal is whether the court erred in its determination that where the limit of liability of the insurance carrier was $10,000 for the personal injury claim, a wife, suing for her personal injury, could not combine this claim with the $220 item belonging to the community in order to reach the $10,000 jurisdictional amount to satisfy the requirement of 28 U.S.C.A. § 1332. We conclude that the trial court properly held that the complaint was subject to dismissal for failure to assert the jurisdictional amount.

The LSA-Civ.Code, Article 2334, expressly provides that a suit by a wife for personal injuries received in an accident constitutes her separate property. On the other hand, it is clearly the settled jurisprudence of the State of Louisiana that the husband is head and master of the community, and he is its only legal representative in suits by or against the community. Borne v. La Terre Co., 5 Cir., 222 F.2d 453. Under Louisiana law, it has been held that the husband alone is authorized to sue for the recovery of damages to a motor vehicle which is community property. Butler v. Mississippi Foundation Co., La.App., 175 So. 887; Smith v. Brock, La.App., 200 So. 342; Hollinguest v. Kansas City Southern Railway Co., D.C., 88 F.Supp. 905; Rollins v. Beaumont-Port Arthur Bus Lines, D.C., 88 F.Supp. 908.

The appellant, however, points to Article 695, of the LSA-Code of Civil Procedure, which became effective on January 1, 1961. This Article reads as follows:

"A wife, as the agent of her husband, may sue to enforce a right of his separate estate, or a right of the marital community, when specially authorized to do so by her husband."

It is plain from the reading of this statute that it does not purport to change ownership of the type of claim here in question. It merely authorizes a procedural step in that the wife may sue as agent for her husband who otherwise would be the only person entitled to sue on behalf of the community. The official revision comments appended to Article 695, contain the following language:

"This Article completely spells out *the procedural capacity* of the wife to sue *as agent* to enforce a community right, when authorized to do so by the husband." (Emphasis added.)

In view of the fact that the statute says that she may act as agent *for her husband,* it is clear that there has been no change in the traditional jurisprudence of the state that reposes in the husband the power to enforce claims on behalf of the community. We conclude, therefore, that there has been no such change as would vest authority in the wife, *in her own right,* to bring an action for damages to the automobile or for recovery

for her loss of wages. As this Court has stated in Payne v. State Farm Mutual Automobile Insurance Company, 5 Cir., 266 F.2d 63:

"When a father sues on his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirements of jurisdictional amount."

We conclude that the principle announced in the Payne case is binding here, and that the trial court properly dismissed the suit on the ground that the husband's claims, for which the wife sought to sue, could not be added with those of the wife for the purpose of constituting the amount sued for under the jurisdictional statute.

The judgment is

Affirmed.