**Efrain C. GARZA, Appellant,**

v.

**GREYHOUND LINES, INC., Appellee.**

No. 14593.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 6, 1967.

Southers & Mendelsohn, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, Edward P. Fahey, San Antonio, for appellee.

CADENA, Justice.

This suit was filed by plaintiff, Efrain C. Garza, a resident citizen of Texas, in a district court of Bexar County against defendant, Greyhound Lines, Inc., a Texas corporation having its home office in Houston, to recover for personal injuries sustained by him in the Republic of Mexico while he was a passenger on a bus. Plaintiff appeals from an order of the trial court sustaining defendant's plea to the "jurisdiction" and dismissing plaintiff's suit on the ground that the applicable substantive law of the place of injury is so dissimilar to the Texas law that our courts will not undertake to adjudicate the rights of the parties.[1]

Plaintiff's petition alleged the following: In May, 1965, a contract was entered into in this State between defendant, a common carrier, and the Good Neighbor Bowling League of San Antonio, calling for trans-

---

1. See Carter v. Tillery, 257 S.W.2d 465 (Tex.Civ.App., 1957, writ ref'd n. r. e.). Although dismissals on the ground of dissimilarity of foreign law are couched in terms of lack of "jurisdiction," there is nothing to indicate that such dissimilarity presents a question of jurisdiction in the sense that it may be raised for the first time on appeal. Cf. Flaiz v. Moore, 359 S.W.2d 872, 875 (Tex.Sup., 1962).

portation by defendant of members of the bowling league, including plaintiff, from San Antonio, Texas, to the City of Monterrey, Mexico, and back to San Antonio. The entire trip, including arrangements for an unnamed connecting carrier to carry plaintiff and the other bowlers from the City of Laredo, Texas, to Monterrey and back to Laredo, Texas, was planned by defendant. On June 20, 1965, plaintiff, while a passenger on a bus marked "Transportes del Norte," was injured as the result of the negligence of the driver of the bus. The place of injury and of the driver's negligence was in the Republic of Mexico, between the cities of Nuevo Laredo and Monterrey.

In the alternative, plaintiff alleged that he was a third party beneficiary of the contract between the bowling league and defendant, and that defendant breached its implied contractual obligation to carry plaintiff safely.

Defendant's plea to the jurisdiction, after alleging that the law of the place of injury controlled the rights of the parties, asserted that the laws of the State of Tamaulipas, wherein Nuevo Laredo is located, the State of Nuevo Leon, wherein Monterrey is located, and the Republic of

Mexico, are so dissimilar to the laws of this State that a Texas court lacked jurisdiction of plaintiff's cause of action. Attached to this plea were translations of Article 1 and several other Articles of what was alleged to be the Civil Code for the Federal District and Territories, enacted by the Federal Congress of the Republic of Mexico.[2]

Plaintiff contends, defendant admits, and we find that no proper proof was made of the foreign substantive law alleged by defendant to be applicable to this case.[3] There is, therefore, no evidence to support the finding of dissimilarity between the provisions of the foreign law and the law of this State, and the trial court erred in dismissing plaintiff's suit on the ground of such alleged dissimilarity.

Since we are, officially, ignorant of the provisions of the foreign law, we must turn a deaf ear to plaintiff's entreaty that we review the trial court's conclusion that the applicable Mexican law is so dissimilar to ours as to require a dismissal of plaintiff's suit.

We also decline plaintiff's invitation to re-examine the rule, well estab-

2. The most striking asserted points of dissimilarity between the Texas and Mexican law are those alleged provisions of the Code providing that, in case of incapacity resulting from the wrongful act of another the amount of damages shall be fixed by applying the quotas established by the Federal Labor Law (Article 1915 I); limiting recovery to the amount of twenty-five pesos ($2.00) per day (Article 1915 II); and the provision that the damages awarded shall "preferably" be paid in the form of a pension or periodic payments (Article 1915 IV).

3. Defendant attempted to prove the applicable foreign law through the testimony of Felix H. Garcia, Esq., who testified concerning, and offered a translation of, provisions of the Civil Code appearing in a book which did not purport to have been printed by authority of the Mexican government. This Court has held that, under the provisions of Article 3718, Vernon's Ann.Civ.St., Mexican statutes

contained in a volume must be proved by showing that the volume is a printed statute book purporting to have been printed under authority of the Mexican government. Hunter v. West, 293 S.W.2d 686 (Tex.Civ.App., 1956, no writ).

We note that, according to Article 1 of the Code which defendant attempted to prove, the provisions relied on by defendant are stated to be applicable in the Federal District and Territories in matters of a "common" nature, and throughout the Republic in matters of a "Federal" nature. The parties have not briefed, nor do we decide, the question of whether in view of the provisions of Article 1 and assuming that such provisions had been properly proved, it was incumbent upon defendant to show that the place of the accident was in the Federal District or in a Territory or, if it was not, that plaintiff's cause of action is classifiable, under Mexican law, a matter of a "federal" nature.

lished in Texas as of this date,[4] that in a tort action the law of the place of the tort, or the *lex loci delicti,* must be looked to in determining the substantive rights of the parties. Our reluctance is not based on a head-in-the-sand assumption that defendant, in subsequent proceedings, will abandon its insistence that our courts close their doors to plaintiff. We find nothing in the Texas decisions which may be characterized as a trend away from the *lex loci* rule in tort actions, or which has the effect of lessening, in any way, the precedential weight of the Texas decisions applying that rule.

We have not considered the question of whether Article 4678, Vernon's Ann.Civ.St.,[5] makes it mandatory for Texas courts to entertain suits of this nature, despite a dissimilarity between the foreign law and that of this State. That statute is applicable only where a plaintiff, injured by the wrongful act or neglect of another in a foreign jurisdiction, has a cause of action under the foreign law. Plaintiff has neither alleged nor proved that, under the facts of this case, he would have a cause of action under Mexican law.

Plaintiff further assigns as error the dismissal of his alternative cause of action, based on defendant's breach of its implied contractual duty to carry plaintiff safely, pointing out that, under applicable choice-of-law rules, this portion of his suit is governed by the laws of the State of Texas, the place where the contract was made. Under the holding in Hudson v. Continental Bus System, Inc., 317 S.W. 2d 584 (Tex.Civ.App., 1958, writ ref'd n. r. e.), which involved facts strikingly similar to those before us, this alternative ground of recovery is governed by the law of this State, and the trial court erred in refusing to take jurisdiction thereof.

The judgment of the trial court is reversed and the cause is remanded with instructions that the case be reinstated upon the docket for further proceedings not inconsistent with this opinion.

---

4. Texas cases adopting the *lex loci* rule are set out in Marmon v. Mustang Aviation, Inc., 416 S.W.2d 58, 62–63 (Tex.Civ. App., 1966, writ pending).

5. "Whenever the death or personal injury of a citizen of this State * * * has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages * * * is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control * * *

in all matters pertaining to procedure." It is not clear whether, as indicated in the Marmon case, supra, n. 4, this statute compels the Texas courts to apply *lex loci.* Our Supreme Court has expressly left open the question whether the statute permits dismissal of a suit on the ground of forum *non conveniens.* Flaiz v. Moore, 359 S.W.2d 872, 876 (1962). Allen v. Bass, 47 S.W.2d 426 (Tex.Civ.App., 1932, writ ref'd) is authority for the proposition that the right given by Article 4678 is an absolute right, depriving the Texas courts of any discretion in the matter. See Wintraub, Choice of Law for Products Liability, 44 Tex.L.Rev. 1429, 1441, n. 46 (1967).