AYRES, Judge.
This action in tort arose out of an automobile collision of November 14, 1966, at the intersection of State Highways 163 and 164 in Doyline, Webster Parish, Louisiana. Involved was a 1962 model Falcon driven by Mary Jo Vail Smelley and owned by the community existing between her and her husband, James D. Smelley, and a 1955 model Chevrolet driven by Jewella L. King and owned by the community existing between her and her husband, Willie King. Mrs. Knotts, a guest passenger in the Smelley vehicle, is joined as plaintiff by her husband. She seeks to recover damages sustained by her in the nature of personal injuries as well as loss of wages, present and future; and he, medical expenses incurred and to be incurred in the treatment of his wife’s injuries. Recovery is sought from the Smelleys and the Kings as well as from the insurer of the Smelley automobile.
The court concluded, after trial, that the accident was occasioned through the fault *223 of Mrs. Smelley in running or disregarding a stop sign and in entering the intersection without observing the approach of the King vehicle on the favored street. Judgment was accordingly rendered against the defendants Smelleys and their insurer, in solido, in favor of Mrs. Knotts for $2,000.-00 and in favor of her husband for $299.-65. Plaintiffs’ demands against the defendants King were rejected.
From .the judgment, plaintiffs prosecute an appeal. The defendants condemned in the judgment have answered the appeal and prayed only for a reduction in the awards.
The defendants Mary Jo Vail Smelley, James D. Smelley, and State Farm Mutual Automobile Insurance Company not having appealed nor in their answer prayed for a reversal or modification of the judgment with respect to questions of fault in the occurrence of the accident or as to their liability, the judgment is, as to them and with respect to liability, final as provided in LSA-C.C.P. Art. 2133 which states:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appel-lee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him [in favor of the appellant] and of which he complains in his answer.”
The question of liability presented by plaintiffs’ appeal relates only to the liability vel non of the defendants King and, as to them, the issue has apparently been abandoned. Plaintiffs have not, in presenting this matter to this court, sought a modification or reversal of the judgment with respect to the Kings’ liability. We may point out, however, that Mrs. King was proceeding on the favored road, well within the speed limits, and her approach to and entry into the intersection was not observed by Mrs. Smelley prior to the impact of the collision. There is no showing from which it could be concluded that Mrs. King was at fault. Primarily, only concerned on this appeal is the matter of the quantum of the awards.
Through the force of the impact of the collision, Mrs. Knotts was thrown forward from her position on the seat at the right of the driver of the car. Her head struck the windshield or some other forward part of the car. She was stunned or rendered temporarily unconscious or dizzy. She sustained a mild concussion of the brain. A laceration or cut about an inch long on her forehead above and extending into her right eyebrow was, after hearing, scarcely discernible and then only by close observation.
Mrs. Smelley and Mrs. Knotts were en route to an ammunition plant where they were employed. The accident occurred near the south entrance or gate thereto. Mrs. Knotts was carried, after the accident, to the plant infirmary where she was administered first aid. The wound was dressed, closed, and sutured. Sedatives were in the meantime administered, after which Mrs. Knotts was transferred to the Minden Sanitarium where she was attended by her family physician and kept overnight for observation with respect to the concussion.
Mrs. Knotts, at her request, was permitted to return to work after four days following the accident. But because of persistent headaches and dizziness, she continued irregularly with her work until December 22, 1966, when she was placed on sick leave until January 23, 1967, at which time she reported for work. She was unable to return to work thereafter because of headaches and other complaints having no causal relationship to the accident. Because of her continued complaints of headaches and dizziness, Mrs. Knotts’ employment was terminated January 25, 1967.
*224 The physician’s records at the infirmary indicated that Mrs. Knotts returned to the infirmary in early December, 1966, complaining of a sore throat followed, a few days thereafter, by a rash on both hands which persisted for a week or more. X-rays taken were negative; Dr. Philip Bonn, a neurosurgeon, found nothing therein to indicate any increased inter-cranial pressure or any intercranial hema-toma. The complaints of headaches were, in Dr. Bonn’s opinion, possibly related to trauma to the head. Later Mrs. Knotts complained of a headache and reported to her physician that she had been struck on the head with a boat paddle.
Upon referral to and examination by Dr. Heinz K. Faludi, a neurosurgeon, plaintiff’s condition was described as negative from a neurosurgical standpoint except for tenderness in the area of the laceration. He opined that the headaches of which plaintiff complained could be attributable to muscle tensions. An additional examination was recommended but Mrs. Knotts never returned therefor. Her family physician’s diagnosis was that Mrs. Knotts had suffered a traumatic contusion of the skull and also a mild concussion; that she did not have an anxiety neurosis but that she was nervous and was of an anxiety-prone personality with a low-pain threshold.
Dr. James H. Eddy, Jr., a general surgeon, after examining Mrs. Knotts on December 7, 1967, and with the aid of x-rays of her head and cervical spine, which were found to be normal and revealed no evidence of injury, expressed an opinion that plaintiff’s complaints were attributable to nervousness. Her condition was such that he stated he would pass her for an industrial job based upon his examination. Dr. Eddy formerly held a position as head of the medical staff at the Louisiana Ordnance Ammunition Plant at which plaintiff was employed.
In view of the negative reports of Drs. Bonn and Eddy and the absence of any objective findings that would warrant a conclusion as to the continuance of the headaches and nervousness of which Mrs. Knotts complained, this court is unable, as was the trial court, to find any justifiable basis warranting damages for a prolonged period of time. Her unsupported subjective complaints of pain are insufficient to support her claim to a reasonable certainty. As was pointed out by this court in Roberts v. M. S. Carroll Co., 68 So.2d 689 (1953), and many times restated and reemphasized, a plaintiff in a civil case is required to establish his claim to a legal certainty by a reasonable preponderance of evidence; and speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment in his favor. This principle finds application in the instant case not only as to plaintiff’s claim for injuries asserted to persist over a prolonged period of time but to the demand for the loss of wages claimed over such an extended period. In connection with the latter claim, it may be pointed out no claim for such loss was made by the husband who alone, as head and master of the community existing between him and his wife, was authorized to make such claim.
We find no manifest error in the judgment appealed, either as to the amount awarded Mrs. Knotts or that awarded her husband in compensation for expenses incurred in the treatment of his wife’s injuries. No basis for a contrary conclusion has been pointed out by defendants. The awards in our opinion are neither excessive nor inadequate.
The judgment appealed is accordingly affirmed. Plaintiffs-appellants are assessed with the costs of this appeal.
Affirmed.