Arcadia STARKS, Plaintiff-Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant-Appellee.

No. 72-2744
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1972.

J. Michael Cumberland, Reginald T. Badeaux, Jr., John G. Discon, New Orleans, La., for plaintiff-appellant.

Harry McCall, Jr., New Orleans, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**PER CURIAM:**

This diverity action brought by Mrs. Starks was dismissed for lack of jurisdictional amount. 28 U.S.C.A. § 1332. She appeals. We affirm.

Mrs. Starks filed suit in United States District Court alleging that she was injured as a result of negligence of the defendant railroad and its employees. She alleged in a general way that her damages exceed the sum of 10,000 dollars and prayed in particular that her personal injuries and medical expenses be compensated in the amount of 150,000 dollars.

The only special damages claimed are loss of wages and hospital and doctors' bills totaling 1,755.48 dollars. In a suit brought by a Louisiana married woman, claims for lost wages, medical expenses, and other damages belonging to the marital community[1] cannot be combined with claims for personal injuries, which by statute are her separate property, to meet the federal jurisdictional amount. Muse v. United States Casualty Co., 306 F.2d 30 (5th Cir. 1962), cert. denied 371 U.S. 955, 83 S.Ct. 508, 9 L.Ed.2d 502 (1963).

In regard to the remaining claims for pain and suffering, the district court, considering reports from both of Mrs. Starks' doctors which indicated no residual effects from the accident, held that "the plaintiff has failed '. . . to show by a preponderance of the evidence that it does not appear to a legal certainty that her claim is really for less than the jurisdictional amount.' " The procedure followed by the court gave the plaintiff a fair opportunity to meet her burden of proving that her claims met the jurisdictional test. Opelika

Nursing Home, Inc. v. Richardson, 448 F.2d 658, 667 (5th Cir. 1971).[2] The documents which were before the court demonstrate sufficient facts to establish that the dismissal was not clearly erroneous. *See* Jones v. Landry, 387 F.2d 102, 106 (5th Cir. 1967); Matthiesen v. Northwestern Mutual Ins. Co., 286 F.2d 775 (5th Cir. 1961); Leehans v. American Employers Ins. Co., 273 F. 2d 72 (5th Cir. 1959).

Affirmed.

1. McConnell v. Travelers Indemnity Co., 346 F.2d 219 (5th Cir. 1965); Knotts v. State Farm Mutual Automobile Ins. Co., 225 So.2d 222 (La.App.1969); Martin v. Sanders, 163 So.2d 923 (La. App.1964).

2. In lieu of an evidentiary hearing, the parties stipulated that the court should make its ruling on the amount in controversy on the basis of the pleadings supplemented by hospital records, doctors' reports, a statement by the plaintiff's employer, and depositions by the plaintiff and her husband.