Amador **RAMIREZ, Jr., Individually, as Administrator of the Estate of Ana Maria S. De Ramirez, Deceased, et al., Plaintiffs-Appellants,**

v.

**AUTOBUSES BLANCOS FLECHA ROJA, S.A. DE C.V., Defendant-Appellee.**

No. 73-2724

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1973.

---

C. M. Zaffirini, Laredo, Tex., for plaintiffs-appellants.

George P. Kazen, John E. Mann, George Person, Laredo, Tex., Roy C. Brock, San Antonio, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Ana Maria S. De Ramirez, purchased a one way bus ticket from Autobuses Blancos Flecha Roja, a Mexican corporation, in Laredo, Texas for transportation from Laredo to Saltillo Coahuila, Mexico. While in Mexico enroute to Saltillo,

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the bus was involved in a serious collision resulting in the death of Mrs. Ramirez.

The administrators of the estate and next best friend of the minor children instituted this diversity action in the District Court for the Southern District of Texas seeking to recover damages for loss of support, and loss of earnings as well as for pain and suffering and funeral expenses. The District Court dismissed the claims for loss of support and earnings on the grounds that this type of recovery would be governed by the applicable wrongful death act and the Texas Wrongful Death Act[1] was clearly inapplicable because it does not have any extraterritorial effect and the courts of Texas would not apply the applicable law of Mexico due to its dissimilarity to the law of Texas.

The District Court also dismissed the claim for damages for pain and suffering and funeral expenses based on a breach of contract theory due to Appellant's failure to amend its complaint or offer affidavits[2] specifying what amount of the aggregate damages were attributable to pain, suffering[3] and funeral expenses in order that the court could determine whether the facts as alleged satisfied the requisite jurisdictional amount in absence of the wrongful death claim. Appellant challenges the dismissal of the wrongful death claim. Having determined that this claim is precluded by Texas statute and precedent we affirm.

In Marmon v. Mustang Aviation, Inc., 1968, 430 S.W.2d 182 the Supreme Court of Texas has recently reaffirmed the principle that for choice of law purposes the "place of the injury" rule determines whether the Texas Wrongful Death Act applies.[4] In *Marmon* the Court held that where Texas residents were killed when an airplane chartered in Texas crashed in Colorado because of the negligence of a Texas pilot while returning to Texas, the Wrongful Death Act of Colorado rather than Texas provided the appropriate remedy. *Marmon* would appear to preclude the application of the Texas Wrongful Death Act to the instant case where a Mexican national having purchased her ticket in Texas died as the result of a bus collision in Mexico.

Appellant attempts to circumvent this result by alleging that appellee breached its implied *contractual* duty of safe carriage[5] thereby invoking the "place of the execution" rule as the choice of law determinant in contract cases, distinguishing *Marmon* as a mere *tort* case.

In support of its breach of contract theory appellant relies on Hudson v. Continental Bus System, Inc., Tex.Civ. App., 1958, 317 S.W.2d 584 and Garza v. Greyhound Lines, Inc., Tex.Civ.App. 1967, 418 S.W.2d 595 each of which is binding on us. See Ford Motor Co. v. Mathis, 5 Cir., 1963, 322 F.2d 267, 269. In *Hudson,* a Texas resident who had purchased a round trip guided tour ticket from an American bus company was injured while being transported by automobile in Mexico by a connecting carrier. The Texas court allowed the plaintiff to state a personal injury claim against the bus company based on the company's breach of its implicit contractual duty of safe carriage. By allowing

---

1. Vernon's Ann.Tex.Civ.St. arts. 4671–4678.

2. See Starks v. Louisville & Nashville Railroad Co., 5 Cir., 1972, 468 F.2d 896; Opelika Nursing Home, Inc. v. Richardson, 5 Cir., 1971, 448 F.2d 658; Jones v. Landry, 5 Cir., 1967, 387 F.2d 102.

3. In answer to Appellee's interrogatory, Appellant conceded that it did not know whether the deceased died instantaneously. Apparently it was never able to obtain such information.

4. See McEntire v. Forte, Tex.Civ.App., 1971, 463 S.W.2d 491 following *Marmon.* We have, naturally, followed *Marmon.* Gaston v. B. F. Walker, Inc., 5 Cir., 1968, 400 F.2d 671; McDaniel v. Petroleum Helicopters, Inc., 5 Cir., 1972, 455 F.2d 137.

5. Specifically appellant alleges that appellee employed an unlicensed driver, failed to inspect the bus for safety purposes, failed to secure requisite safety inspection certificates from Mexico and Texas, and that the driver's reckless driving precipitated the collision.

the plaintiff to phrase its claim in terms of contract, the Court was able to invoke the place of execution rule for conflicts purposes thereby avoiding the preclusive effect of the place of injury rule. The Court employed the same rationale in Garza v. Greyhound Lines, Inc. on substantially similar facts.

 Appellant's attempt to avoid *Marmon* founders, however, on the very real distinction between personal injury and wrongful death actions. "A cause of action for wrongful death is not simply a more severe personal injury case."[6] Rather it is a separate statutorily created cause of action unknown to the common law. In *Marmon*, the Supreme Court of Texas attempted to divine the legislative intent underlying the Texas Wrongful Death Act and concluded that it was clear that the statute was not intended to have any extraterritorial effect—that is it was not intended to apply to deaths resulting from injuries occurring outside the physical boundaries of the state of Texas. Whether a claim is phrased in terms of contract or tort the result must be the same—the Texas Wrongful Death Act as recently and authoritatively construed is not an available remedy where the injury causing death did not occur on Texas soil.

Eubanks v. Schwalbe, 1933, Tex.Civ. App., 55 S.W.2d 906, modified on other grounds, 126 Tex. 405, 87 S.W.2d 248 is not authority for the proposition that a plaintiff may base recovery under the Texas Wrongful Death Act on a breach of contract claim. In *Eubanks*, a contractor involved in excavation near a state highway breached its agreement with the state to place a barrier and warning lights near the excavation. The Court held that the wife of an individual who was killed as a result of the negligent excavation could maintain a wrongful death action even though the defendant's duty to provide adequate precautions had arisen out of a contract (with a third party). The Court found, however, that the contractor's negligence constituted a tortious breach of its duty to travelers and it was this breach of duty which gave rise to the wrongful death action.[7]

The more recent case of Goelz v. J. K. & Susie L. Wadley Research Institute and Blood Bank, Tex.Civ.App., 1961, 350 S.W.2d 573 strongly suggests that the Texas Wrongful Death Act will not support a claim for recovery arising under a breach of contract theory. In *Goelz*, the husband of decedent brought a wrongful death action against a blood bank which had caused decedent's death by furnishing blood of the incorrect type for a transfusion. The plaintiff based claims for relief on contract as well as tort theories. After dismissing the tort theory on the basis of charitable immunity the Court observed that a theory based on breach of an implied warranty was not cognizable under the Wrongful Death Act. Rather where a breach of contract also constitutes a tort, "[the] cause of action may ordinarily arise under our death statute on grounds of tort not breach of contract as such."[8]

---

6. Brief for appellee at 7. Appellant argues that as a matter of policy it is absurd to allow an individual who is merely injured to recover damages under Texas law based on a breach of contract theory while denying such a right of recovery to one who dies as a result of the injury suffered. This argument fails to observe the distinction between the cause of action for wrongful death and the cause of action for pain and suffering based on the breach of contract theory. Appellant in fact stated separate claims for wrongful death and pain and suffering. Recovery under the former was precluded by the applicable choice of law rule, while the latter was dismissed due to appellant's inability to allege sufficient facts in support of the claim to satisfy the jurisdictional prerequisites.

7. The Act itself provides a remedy "when an injury causing the death of any person is caused by the *wrongful act, neglect, carelessness, unskillfulness, or default* of another person . . . ." (emphasis added). V.A.T.S. art. 4671. The operative language establishing the cause of action is phrased in the idiom of tort.

8. 350 S.W.2d at 577. This may be no more than dicta since the Court went on to hold that the supplying of blood for a fee constitutes the rendition of a service not a sale of property and therefore does not give rise to a

Texas recognizes that a breach of the contractual duty of safe carriage is a type of tortious conduct for which the law provides a remedy. But we are convinced that the Texas courts would follow *Marmon* and apply the "place of the injury" rule to resolve choice of law questions concerning the application of the Wrongful Death Act to a breach of this duty regardless of whether the duty arose out of a contract—the purchase of a bus ticket. Applying the place of the injury rule, the law of Texas is inapplicable since the injury arose out of a bus collision in Mexico allegedly attributable to the gross negligence of the bus driver.

■■■ It is far from clear that appellant would fare any better under the Texas choice of law rules even if the death action could be based on a contract theory. In Texas, the law of the place where the contract is made generally governs. Austin Building Company v. National Union Fire Insurance Company, Tex.1968, 432 S.W.2d 697. When a contract is made in one state to be performed in another, the place of performance governs. Castilleja v. Camero, Tex.1967, 414 S.W.2d 424. And where a contract is to be performed in more than one place, the place of making governs unless the parties intended otherwise. Hatchett v. Williams, Tex.Civ.App., 1968, 437 S.W.2d 334, cert. denied, 396 U.S. 963, 90 S.Ct. 437, 24 L.Ed.2d 427.

In attempting to invoke the law of Texas appellant relies on Hudson v. Continental Bus System, Inc., Tex.Civ.App., 1958, 317 S.W.2d 584 at 589 where the Court stated " 'it has been held that a contract cannot be construed with reference to a foreign law, unless the intent of the parties to be governed by such

law is evidence from the instrument itself without the aid, of extrinsic evidence.' There is nothing in this record to indicate any intention on the part of the parties that the law of the foreign country of Mexico would apply" quoting 17 C.J.S. Contracts § 330. In *Hudson* an American citizen had purchased a round trip tour ticket to Mexico from an American bus company. The present case, however, involves a Mexican National who purchased a one way bus ticket to Mexico printed in Spanish, in a Texas border town from a Mexican bus company which did not operate between cities in the United States. While the contract was made in Texas it was to be performed almost entirely in Mexico.[9]

Unlike *Hudson* the facts of this case lend more support to the inference that the parties may have assumed that the laws of Mexico rather than Texas governed this transaction and its incidents. We need not resolve this question, however, since we are convinced that the Texas courts would not allow a plaintiff to avoid the "place of the injury rule" under the Wrongful Death Act by phrasing the claim in terms of contract.

Of course the plaintiff is not immediately out of court once it is determined that the substantive law of the forum state is inapplicable. The Texas Wrongful Death Act specifically provides that:

> "Whenever the death or personal injury of a citizen of this state or of the United States, or any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign state or country for which a right to maintain an action and recover damages thereof is

warranty. Nevertheless, *Goelz* constitutes the best recent evidence regarding the views of the Texas courts on the possibility of bringing a wrongful death action on a contract theory.

In Deweese v. Southwestern Tel & Tel Co., Tex.Civ.App., 1912, 144 S.W. 732, the Court held that the plaintiff failed to state a cause of action for wrongful death where the telephone company arguably breached its con-

tractual duty by failing to provide communications between the decedent and her physician immediately prior to death. The Court stated that the connection between the alleged breach and the death in issue was simply too tenuous to support the action.

9. The decedent boarded the bus in Laredo, Texas, a border town.

given by the statute or a law of such foreign state or a country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of [the] State." [10]

This would appear to grant the courts of Texas a clear mandate to apply the law of Mexico where applicable. Nevertheless, as the District Court noted, the Texas courts have consistently refused to apply the tort laws of the Republic of Mexico and its political subdivisions where it has been determined that those laws are applicable on the ground that they are too dissimilar to the laws of Texas. See Carter v. Tillery, Tex.Civ. App,. 1957, 257 S.W.2d 465; El Paso and Juarez Traction Co. v. Carruth, Tex. Com.App., 1923, 255 S.W. 159. See also Mexican National Railway Company v. Jackson, 89 Tex. 107, 33 S.W. 857 (decided prior to the enactment of Article 4678).

Appellee has offered proof of the applicable laws of the Republic of Mexico and of the state of Nuevo Leon where the accident occurred. [11]

The *fact* of the dissimilarity is not challenged. The Appellee asserts without any contradiction a number of dissimilarities which we credit with no independent research into Mexican law.

The law of Mexico does not allow damages for pain and suffering or physical injury in the common tort suit but rather provides compensation for lost wages calculated through a formula based on the injured party's former wages and the Mexican federal labor wage standards. [12] Damages known as "moral reparations" are also available. [13] In addition, "imprudent" actions may also constitute a criminal offense and an individual convicted of such an offense may be required to provide restitution to the injured victim or his family either through a fine imposed or by means of the proceeds earned through prison labor. [14]

■ We are confident that despite the existence of article 4678, the Texas courts under the judicially recognized doctrine of dissimilarity would refuse to attempt to apply the unfamiliar remedial provisions of the Mexican tort law.

Having determined that the Wrongful Death Act of Texas is inapplicable and that the law of Mexico would appear to provide the only other available remedy, we must follow the law of Texas and affirm the District Court's dismissal of the appellant's claim [15] without prejudice to any future attempt to bring this action in a different and more appropriate forum.

Affirmed.

---

10. V.A.T.S. art. 4678.

11. In Garza v. Greyhound Lines, Inc., 1967, Tex.Civ.App., 418 S.W.2d 595 the Court reversed the trial court determination of dissimilarity on the grounds that an unauthenticated copy is inadmissible as proof of foreign law in the courts of Texas. Although it appears that appellee relied upon an unauthenticated copy of the Mexican codes to establish dissimilarity, *Garza* is inapplicable to this Erie-based proceeding since F.R.Civ.P. 44.1 clearly and properly permits the District Court to "consider any relevant material or sources" "in determining foreign law." Rule 44.1 was intended to provide a uniform and liberal federal procedure for determining foreign law divorced from the limitations of conflicting state and former federal doctrines.

See Wright and Miller, Federal Practice and Procedure §§ 2441–42, 44 (1971). See also Miller, Federal Rule 44.1 and the "Fact" Approach to Determining Foreign Law: Death Knell for a Die-Hard Doctrine, 65 Mich.L.Rev. 613 (1967).

12. Federal Labor Law, arts. 287–89, 293–94, 301, 502; Federal Civil Code art. 1915.

13. Federal Civil Code art. 1916.

14. Federal Criminal Code art. 8, 30, 31, 37–39.

15. On appeal appellant does not challenge the District Court's dismissal of the claim for conscious pain and suffering and funeral expenses on the ground of lack of jurisdiction for inadequate amount in controversy.