## CARTER et al. v. TILLERY.

### No. 6278.

Court of Civil Appeals of Texas. Amarillo.

Feb. 2, 1953.

Rehearing Denied March 9, 1953.

Hill, Brown, Kronzer & Abraham, Houston, for appellants.

Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellee.

PITTS, Chief Justice.

The sole question to be determined on this appeal is whether or not the trial court had jurisdiction over the subject matter pleaded. Appellants, Mrs. Patricia Carter, joined by her husband William Carter, filed suit against appellee, Jackson I. Tillery, for alleged damages in the sum of $96,000 as a result of personal injuries sustained by Mrs. Carter in an airplane crash occurring as a result of appellee's alleged negligence on December 21, 1950, in Chihuahua, Old Mexico. Appellants and appellee were all residents of Potter County, Texas, at the time in question. Appellee owned the airplane involved and was operating it at the time of the crash and appellants were riding with appellee as his gratuitous guests on that occasion. The three of them left Artesia, New Mexico, en route to El Paso, Texas, when they lost their course and landed in Chihuahua, Mexico. They learned some thirty minutes before landing that they were in the Republic of Mexico as they sought and found a place for a safe landing on a dirt road. The plane crashed causing the alleged injuries as they attempted to take off from Saas, Chihuahua, Mexico.

Appellee filed a plea to the jurisdiction of the court, based upon a contention that the laws of the State of Chihuahua and of the Republic of Mexico fixing the rights of a party to recover for an injury of this nature, and the measure of damages therefor, are so dissimilar to the laws of this State in like matters that the courts of this State should not and cannot enforce the same. In support of his contention appellee pleaded in detail the Civil Code for the Federal District and Territories of the Republic of Mexico, both as to the basis for a cause of action and defining the measure of damages. He then pleaded that the Mexico code was so dissimilar to the laws of this State covering such a right of action, measure of damages and terms of recovery that the Texas courts cannot and should not undertake to enforce them. Appellee then offered testimony in support of his pleadings. He first offered the testimony of Honorable Erasmo Lozano, a

practicing attorney from Mexico City, who testified that he was familiar with the system of laws that prevailed in the Republic of Mexico; that the system in so far as it concerns tort actions has been the same from the year 1870 down to the present time and that such was true as to the rights of parties to maintain an action for tort. The witness then explained in detail the system of laws as it prevails in the State of Chihuahua and in the Republic of Mexico concerning a tort action such as the instant case and regarding the measure of damages therefor. He further testified that appellee's exhibit number one, which was introduced in evidence, was the Mexico code governing the cause of action as set forth in appellants' original petition herein filed. The oral testimony of appellant, William Carter, given briefly, and stipulations concerning admitted facts heretofore given were also heard by the trial court. For these reasons appellee sought a dismissal for lack of jurisdiction.

As a result of the hearing the trial court sustained appellee's plea to the jurisdiction of the court on the grounds therein pleaded and dismissed the cause for lack of jurisdiction, from which order of dismissal appellants have perfected their appeal.

In 1917 the Legislature of this State enacted the following law, which is now Article 4678, Vernon's Annotated Civil Statutes:

"Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State

in all matters pertaining to the procedure."

The foregoing Article, as it applies to a factual situation such as is here presented, was construed in an opinion written by the Commission of Appeals and handed down by the Supreme Court upon the recommendation of the said Commission in the case of El Paso & Juarez Traction Co. v. Carruth, Tex.Com.App., 255 S.W. 159, but the said Article was then 7730½ of Vernon's Complete Statutes of 1920. In that case a Texas citizen filed suit against a Texas corporation for damages resulting from injuries received in Chihuahua, Republic of Mexico. As a result of a jury trial plaintiff Carruth was awarded damages by the trial court and its judgment was affirmed by the Court of Civil Appeals, but both of these courts were reversed by the Superior Court and the cause was ordered dismissed for lack of jurisdiction. The material facts here presented concerning jurisdiction are parallel to the material jurisdictional facts presented in the Carruth case and the material differences of the laws of Mexico from those of Texas discussed in the Carruth case still exist concerning the matters here pleaded as a basis for recovery. In the Carruth case, the court disposed of the issue presented in the following language:

"Heretofore in all cases for wrongful death or personal injuries occurring in the republic of Mexico, in which the laws of that republic have been alleged and proven, the courts of this state have consistently refused to entertain a suit for the recovery of damages for such death or injury, because the laws of Mexico giving the cause of action and providing for its enforcement are so materially different from the laws of our state relating to torts that the courts of Texas cannot undertake to adjudicate the rights of the parties. [Mexican Nat.] Railway Company v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276, 59 Am.St. Rep. 28; Jones v. [Mexican Cent.] Railway Co. (Tex.Civ.App.) 68 S.W. 186 (writ denied); De Herrera v. [Texas, Mexican] Railway Co. (Tex.

Civ.App.) 154 S.W. 594 (writ refused), 156 S.W. xv; Slater v. [Mexican Nat.] Railway Company, 194 U. S. 120, 24 S.Ct. 581, 48 L.Ed. 900. This has become the settled policy of the courts of this state, and we are of the opinion that, when the pleadings and evidence disclose that the laws of Mexico pertaining to such actions are now substantially what they have heretofore been, the court should dismiss the case for lack of jurisdiction."

 Appellants seek to avoid the result of the decision in the Carruth case by attempting to raise questions that we think are not material to the controlling issue of jurisdiction here presented. A plaintiff usually has the right to select the forum for hearing the action presented, provided he selects a forum that has jurisdiction over the subject matter. During the pendency of any action, the court either has jurisdiction of the subject matter or it does not have jurisdiction. There is no middle ground and matters that bear no relation to the issue of jurisdiction can neither defeat nor give jurisdiction. By reason of jurisdictional facts the court or the judge thereof is given the power and authority to entertain and hear an action or a proceeding and to decide justiciable controversies. Jurisdiction relates to the power or authority of the tribunal and not to the rights of the party litigants.

 It is our opinion that the rule of law announced in the Carruth case concerning jurisdiction, under the facts and circumstances there presented, applies to the parallel factual situation presented in the case at bar. That same rule of law was announced with approval in the case of Johnson v. Employers Liability Assur. Corporation, Limited, Tex.Civ.App., 99 S. W.2d 979, writ refused. The said rule of law was also recognized as a correct statement of the law in this State as late as 1942 by the writer in 20 Texas Law Review 610. It is our opinion that such rule of law still prevails in Texas in such cases. For the reasons stated appellants' points are overruled and the judgment of the trial court is affirmed.