Mark SMITH et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 5–1217.

United States District Court, N. D. Texas, Lubbock Division.

Oct. 9, 1974.

Forrest Bowers, Bowers & Cotten, Lubbock, Tex., for plaintiffs.

W. Richard Davis, Dallas, Tex., Ross L. Malone, Gen. Counsel, General Motors Corp., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

The plaintiffs are Mark Smith, his wife and children suing individually and the parents suing as representatives of the estate of their deceased child against General Motors Corporation. Plaintiffs allege that an automobile accident occurring in the Republic of Mexico in August of 1971 resulted from a defect in a 1965 Chevrolet station wagon occupied and driven by some of the plaintiffs on such date. The case against General Motors

Corporation is founded on the theory that recovery can be had on strict liability because of such defective product and also on acts of negligence.

 The defendant has filed a motion with this court that the substantive law of the Republic of Mexico be applied and alternatively to dismiss the complaint for failure to state a cognizable claim. Jurisdiction in this court rests upon diversity of citizenship, which is present, and the court is to follow the substantive law of Texas, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including its choice-of-law rules, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

 The action on behalf of the Estate of Claire Smith is brought under the Wrongful Death Statute of Texas, Article 4671, V.A.T.S. The cause of action on behalf of the estate of this decedent is dismissed for failure to state a cognizable claim. The Wrongful Death Statute of Texas does not have any extraterritorial application and the accident resulting in the death of Claire Smith occurred in the Republic of Mexico. Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.1968); Willis v. Missouri Pacific Ry. Co., 61 Tex. 432 (1884). The defendant's brief in this case attaches and refers to the applicable law of the Republic of Mexico in wrongful death cases. Although it appears that the Republic of Mexico provides a remedy for wrongful death, this remedy is so dissimilar to the remedy provided by the Texas Wrongful Death Statute that a dismissal is required. This procedure of dismissal has been recently followed by the United States Court of Appeals for the Fifth Circuit, Ramirez v. Autobuses Blancos Flecha Roja, S. A. de C. V., 486 F.2d 493 (5th Cir. 1973), citing Carter v. Tillery, 257 S.W.2d 465 (Tex.Civ.App., Amarillo 1953).

The remaining plaintiffs seek recovery for their personal injuries based on the doctrine of strict liability and further seek recovery because of the negligent acts of the defendant in failing to design, inspect, test and warn. In resolving the conflict of law question these two theories of recovery will be discussed separately.

 The courts of the State of Texas have been unbending in applying the *lex loci delictus* rule in negligence cases. Marmon v. Mustang Aviation, Inc., *supra,* and the cases cited therein. The rationale of these decisions is that liability for personal injuries is determined by the law of the place where the injury occurred. Seguros Tepeyac, S. A., Compania Mexicana v. Bostrom, 347 F.2d 168 (5th Cir. 1965). Therefore, insofar as plaintiffs' cause of action is seeking a recovery based on negligent acts of the defendant, the law of the place of injury (Republic of Mexico) must prevail and such laws must be applied in determining the liabilities of the defendant on negligence theories. Again, this court finds that the laws of the Republic of Mexico are so dissimilar to those of the State of Texas that the plaintiffs' cause of action in this respect must be and is hereby dismissed. Ramirez v. Autobuses Blancos Flecha Roja, S. A. de C. V., *supra*; Carter et al. v. Tillery, *supra*.

As above noted recovery is also sought on the theory of strict liability. Texas has approved recovery on the basis of strict liability and adopted the Restatement of the Law of Torts, Second Edition, as the law of the State of Texas. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967). The doctrine of strict liability is an action sounding in tort rather than contract. Doss v. Apache Powder Co., 430 F.2d 1317 (5th Cir. 1970).

The question remaining for this court to determine is whether an action founded on strict liability will be governed by the laws of the Republic of Mexico under the *lex loci delictus* rule as in other tort actions, or by the use of the most significant contact rule which has been

adopted in the Restatement Second, Conflict of Laws, Sec. 379.[1]

It is recognized that the strict liability theory of recovery has been allowed by the Texas courts, McKisson v. Sales Affiliates, Inc., *supra,* and in doing so Texas relied on the Restatement of The Law of Torts, Second Edition. But there has been no case cited to this court, and the court has not found any such case, that would resolve a conflict of laws question by applying the most significant contact test rather than *lex loci delictus* to strict liability actions. If the most significant contact test were to be applied the laws of the State of Texas would be controlling as to the facts of this particular case.

 The Fifth Circuit has previously answered this question in Doss v. Apache Powder Co., *supra.* The reasoning followed in *Doss* was that as strict liability is a tort action, and since tort actions are determined by the law of the place where the injury occurred under Texas' conflict of law rules, that an action brought on strict liability will also be governed by the laws of the place where the injury occurred—the laws of the Republic of Mexico in this instance.

Until the courts of Texas have elected to disregard the *lex loci delictus* rule in strict liability cases and to instead apply the most significant contact rule of The Restatement, Conflict of Laws, Second Edition, this court must follow the language of *Doss, supra,* 430 F.2d p. 1320:

"In this diversity action, we are bound to apply the law of Texas, including its conflict of laws rules. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.

Ed. 1477 (1941). Under that law, an action for products liability is one in tort and not in contract. Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841 (5th Cir. 1967); McDevitt v. Standard Oil Company of Texas, 391 F.2d 364, 369 n. 7 (5th Cir. 1968). Under Texas choice of law rules in tort cases, the *lex loci delicti* governs. Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.1968)."

 Accordingly the laws of Mexico being so dissimilar to the laws of Texas, on all theories of recovery pled by plaintiffs, this case will be dismissed without prejudice to the right of the plaintiffs to again assert their allegations in the proper court. Ramirez v. Autobuses Blancos Flecha Roja de C. V., *supra;* Carter et al. v. Tillery, *supra.*

The defendant's motion is accordingly granted.

---

1. "§ 379. The General Principle.

 (1) The local law of the state which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities in tort.

 (2) Important contacts that the forum will consider in determining the state of most significant relationship include:

 (a) the place where the injury occurred,

 (b) the place where the conduct occurred,

 (c) the domicil, nationality, place of incorporation and place of business of the parties, and

 (d) the place where the relationship, if any, between the parties is centered.

 (3) In determining the relative importance of the contacts, the forum will consider the issues, the character of the tort, and the relevant purposes of the tort rules of the interested states."