Hawley K. CHALLONER et al., etc.,
Plaintiffs-Appellees,

v.

DAY AND ZIMMERMANN, INC., et al.,
Defendants-Appellants.

No. 74–1555.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

Rehearing Denied April 11, 1977.

Norman C. Russell, Texarkana, Tex., for defendants-appellants.

Cahill Hitt, Texarkana, Tex., for plaintiffs-appellees.

Before BROWN, Chief Judge, and COLE-MAN and DYER, Circuit Judges.

PER CURIAM:

Our decision in this case, 512 F.2d 77, was vacated by the Supreme Court, *Day and Zimmermann, Inc. v. Hawley K. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975).

The Supreme Court said:

"The Court of Appeals in this case should identify and follow the Texas conflicts rule. What substantive law will govern when Texas' rule is applied is a matter to be determined by the Court of Appeals."

On this point we requested and received briefs of the parties. Upon consideration, we are unconvinced that at the time this case was tried in the District Court the Supreme Court of Texas, consistently with its prior precedents, would not have applied the law of Cambodia to the issue of liability in this case, *Click v. Thurson Industries, Inc.,* 475 S.W.2d 715 (Tex.1972); *Continental Oil Company v. Lane Wood and Company,* 443 S.W.2d 698 (Tex.1969); *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968). See, also, 22 Loyola Law Review 519 (1976); 11 Texas International Law Journal 147 (1976).

On May 29, 1975, the Texas Legislature enacted House Bill 974, providing that the Texas Wrongful Death Statutes shall apply to injury causing death to any person occurring either within or without the State. There was no language indicating that the statute should apply to cases already tried (although not finally decided on appeal). Moreover, counsel have raised constitutional objections to such an application.

The applicability of this statute to any future trial should be left to the trial court.

We accordingly reverse the judgment of the District Court in this case and remand for further proceedings, to be had consistently with the views of the Supreme Court and applicable Texas law.

REVERSED and REMANDED.