Glen A. **MELTON** and wife Janet
H. Melton

v.

**BORG–WARNER CORP.** and
Textron, Inc.

No. SA78CA213.

United States District Court,
W. D. Texas,
San Antonio Division.

March 23, 1979.

---

John F. Younger, Jr., Tinsman & Houser, San Antonio, Tex., for plaintiffs.

Melvin A. Krenek, San Antonio, Tex., for Borg-Warner Corp.

Edward P. Fahey, Groce, Locke & Hebdon, San Antonio, Tex., for Textron, Inc.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

Captain Glen A. Melton was a co-pilot on a helicopter flight which originated and was returning to Augsburg, Germany on June 26, 1976, when as the helicopter was landing it rotated out of control and crashed, severely injuring him.

Plaintiffs allege in this products liability suit that a link in the chain controlling the pitch of the rear rotor of the helicopter broke, became lodged between a sprocket and a sprocket guard and jammed the foot pedals in such a manner that the tail rotor could not be controlled causing the crash.

The issue presented in plaintiffs' response to defendants' motion to dismiss, or in the alternative, to take judicial notice of German law, is whether, as the result of the legislature's 1975 amendments to Tex.Rev. Civ.Stat.Ann. art. 4678 (Supp.1978–1979), Texas should apply in conflict of laws cases the law of the place with the "most significant contacts", or *lex loci delictus*. This Court is of the opinion that as a result of legislative mandate, Texas courts, under the facts of this case, would apply the "most significant contacts test," and, as a consequence, defendants' motion is denied.

Jurisdiction is based on diversity. Plaintiffs are domiciliaries of Texas while both defendants are Delaware corporations, with Textron's principal place of business in Rhode Island, and Borg-Warner's in Illinois.

■ There are three conflicts of laws in this case. First, privity is a requirement for any recovery under any theory of breach of warranty under German law, whereas, it is not under Texas law. Second, there is no theory of strict products liability recovery under German law, whereas, there is under Texas law. Third, a defendant in a products liability action under a negligence theory may defend by proving that he was not at fault, or his employees were not at fault, and that negligent employees or agents, if they were negligent, had been selected and supervised with all due care under German law, whereas, it is not a defense under Texas law.

■ This case can be characterized as a products liability suit. Plaintiffs sue claiming negligence, breach of express and implied warranty, strict liability and *res ipsa loquitur* for defective design, manufacture, assembly, testing, marketing and sale of the helicopter which crashed. Strict products liability is a tort action. *Doss v. Apache Powder Co.*, 430 F.2d 1317 (5th Cir. 1970).

■ It cannot be disputed that a United States District Court, sitting in Texas, when deciding a diversity case, is governed by the choice of law rules of Texas. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■■ Defendants' position is that plaintiffs' cause of action sounds in tort, and in tort actions Texas courts apply the traditional tort choice of law rule—*lex loci delictus*, the law of the place of the tort. *Smith v. General Motors Corporation*, 382 F.Supp. 766 (N.D.Tex.1974), aff'd, 526 F.2d 804 (5th Cir. 1976) citing *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968). Defendants state that since the injury occurred in Germany and since the applicable German laws are so dissimilar to the laws of Texas that this Court should dismiss because of the dissimilarity doctrine. The dissimilarity doctrine requires a forum court to dismiss a suit when the conflicts choice of law rule demands application of a foreign law which differs substantially from the law of the forum. *Carter v. Tillery*, 257 S.W.2d 465 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); *Mexican National Railway Co. v. Jackson*, 89 Tex. 107, 33 S.W. 857 (1896).

Plaintiffs argue that the amended art. 4678 changes the traditional Texas tort choice of law rule from applying the law of the place of the injury to applying the law of the place where the "most significant contacts" occurred.

In *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968), the Texas Supreme Court acknowledged that there had been recent developments relating to the "most significant contacts rule," and found much merit in the doctrine, but felt that it was bound by Article 4678 and the construction placed on the statute by decisions of that court and other courts of Texas. It went on to say that if there were to be a change, it would have to come from the legislature.

Obviously following the suggestion made by the Texas Supreme Court, the 64th Texas Legislature amended the statute in 1975 with the effective date to be September 1, 1975.

In order to sufficiently clarify the additions and deletions, the following language of the former and the amended article 4678 is quoted. The additions will be underlined. The deletions will be in parenthesis, with a single line drawn through the deleted language.

Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country <u>or of this State</u>, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. <u>All matters pertaining to procedure in the prosecution or maintenance</u>

of such action in the courts of this State shall be governed by the law of this State, and the court shall apply such rules of substantive law as are appropriate under the facts of the case (~~The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure.~~).

Several cases have dealt with the amended statute but in each of them the Court noted that the injury producing events occurred prior to the effective date of the amendment. See, for example, *Challoner v. Day and Zimmermann, Inc.*, 546 F.2d 26 (5th Cir. 1977); *Penry v. Wm. Barr, Inc.*, 415 F.Supp. 126 (E.D.Tex.1976). The discussions in those cases, however, indicate quite clearly that the amended statute now has extra-territorial force, and that the "most significant contacts test" is the Texas choice of law rule and this Court so holds. Since the injury here took place on June 26, 1976, the "most significant contacts test" will be applied.

■ Knowing the choice of law rule, the question then becomes, which state or country has the most significant relationship with the plaintiff?

Section 145 of the RESTATEMENT (Second) OF CONFLICT OF LAWS (1971) sets out general principles which the forum should consider in determining which state has the most significant relationship with the cause of action.

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

This being a products liability case, it is the product, not the conduct of the parties, their agents or employees, which is the subject of this lawsuit.

Applying the principles of § 145 to this case, the following contacts are relevant. First, the injury occurred in Germany. Second, the conduct causing the injury occurred primarily, if not completely, in Texas. The helicopter was manufactured, assembled, prepared for shipment and delivered into the stream of commerce, and at least partially, if not wholly, designed at facilities owned and operated by defendant, Textron, located in Hurst, Tarrant County, Texas; and one or more of the parts alleged to be defective were supplied by defendant, Borg-Warner, by placing them into the stream of commerce and delivering them to the facilities of defendant, Textron, in Hurst, Tarrant County, Texas. Third, the domicile, residence, nationality, place of incorporation and place of business of the parties is quite diverse. Plaintiffs are citizens of the United States and domiciliaries of Texas. They were stationed in Germany at the time of the accident. Textron is a Delaware corporation with its principal place of business in Rhode Island. Textron is licensed to conduct business in Texas, is conducting business in Texas, has a registered agent in Texas and has a post office box in Texas. Borg-Warner is a Delaware corporation with its principal place of business in Illinois. It is licensed to conduct business in Texas, is conducting business in Texas and has a registered agent in Texas. Fourth, there is no place where a direct relationship between the parties is centered other than the facts previously stated.

As can be seen from the foregoing contacts, Texas, Delaware, Rhode Island, Illinois and Germany each have a relationship

with the occurrence and the parties; however, Texas overwhelmingly has the most significant relationship to the occurrence and the parties, and, as such, Texas substantive law will determine the rights and liabilities of the parties.

Defendants' motion to dismiss, or in the alternative, to take judicial notice of German law, is DENIED.

IT IS SO ORDERED.