Vera HAYWARD et al.

v.

SOUTHWEST ARKANSAS ELECTRIC
COOPERATIVE CORPORATION.

Civ. A. No. M–78–85–CA.

United States District Court,
E. D. Texas,
Marshall Division.

Sept. 24, 1979.

Doyle W. Curry of Jones, Jones & Baldwin, Marshall, Tex., submitted brief for plaintiffs.

Charles D. Barnette of Arnold, Arnold, Lavender & Rochelle, Ltd., Texarkana, Ark., submitted brief for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

This is a wrongful death action brought by the estate of the deceased. Decedent, a Texas domiciliary, died as a result of injuries sustained in Arkansas. The decedent's estate alleges that the injuries were received when Defendant Southwest Arkansas Electric Co-op's negligently maintained power line fell onto the decedent. Plaintiffs have filed suit against the defendant, an Arkansas corporation. Jurisdiction of this case is based on diversity of citizenship.

■ Defendant has filed a pre-trial motion to declare that the Texas Wrongful Death Act, Tex.Rev.Civ.Stat. art. 4671 (Supp. 1978–1979), governs this cause of action. Under the Texas Wrongful Death Act, the measure of damages does not provide recovery for loss of parental society or for grief and suffering by the estate on account of the decedent's death. *Hemsell v. Summers*, 138 S.W.2d 865 (Tex.Civ.App.-Amarillo 1940, no writ). The plaintiffs contend, in reply to the defendant's motion, that the proper law to be applied is Ark. Stat.Ann., Sec. 27–909. The Arkansas Wrongful Death Statute provides that loss of companionship of the deceased and mental anguish suffered by the survivors on account of decedent's death are proper elements in the measure of damages.

■ Under the *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), line of cases, a federal district court is to apply the substantive law of the forum state in diversity of citizenship cases. In the case before the Court, the Texas conflict-of-laws rule and the Texas Wrongful Death Act are to be applied.

Article 4678 was amended by the Legislature in 1975, to provide that when a Texas citizen is injured by the act of another in a foreign state and a cause of action "is given by the statute or law of such foreign State or country or of this State," that cause of action may be brought in a Texas court. The 1975 amendment added the clause "or of this state," to article 4678, thus authorizing article 4671 to be given extra-territorial effect by a state court where the occurrence in question happened outside of Texas.

■ This Court interprets the amendment to be expansive in nature; it broadens the remedies available to a wrongful-death plaintiff where the accident has occurred outside of Texas. This interpretation is supported by the language of the amendment which uses a conjunction in the clause connecting the two statutes. Article 4678, as amended, provides that a plaintiff has a right to elect which wrongful death statute he will proceed under, the law of the state or country where the claim arose, or the forum state's statute. The legislative history of the 1975 amendment indicates that the amendment's purpose was to permit the plaintiff to proceed under the Texas Wrongful Death Act should he desire to do so. The rationale of the amendment was "to allow Texas courts to give extra-territorial application to our wrongful death statute in appropriate cases." Powers, Bill

Analysis H.B. 974 (1975 Legislative Session, unofficial version). Therefore, in a wrongful death case where a plaintiff relies on article 4671 in his pleadings, the amendment allows Texas courts to give effect to this choice of remedies.

The Legislature intended the 1975 amendment to cover situations where a Texas resident is killed in a jurisdiction which places a ceiling or limitation on damages recoverable in wrongful death actions and where a Texas resident is killed in a jurisdiction which has no regard for human life. Article 4678 now would allow a plaintiff proceeding under the Texas Wrongful Death Act to recover full damages by relying on the Texas law. The Legislature passed the 1975 amendment in order to eliminate the injustice that is created by applying *lex loci delictus* to fact situations such as those present in *Marmon v. Mustang Aviation*, 430 S.W.2d 182 (Tex. 1968), and *Carter v. Tillery*, 257 S.W.2d 465 (CCA-Amarillo, 1955, writ ref'd n.r.e.). Recently, article 4678 was applied in a products liability case where the law of the place of the tort afforded the defendant certain defenses that are not recognized by Texas. *Melton v. Borg-Warner*, 467 F.Supp. 983 (WD Tex. 1979). The Court in *Melton* found that article 4678 changed the Texas conflicts approach to "significant contacts." Since Texas had the most significant relationship to the occurrence and parties, the Texas products liability law was to be applied. Like *Carter v. Tillery* and *Marmon v. Mustang Aviation, Melton* involved a situation where application of *lex loci delecti* would have foreclosed all recovery to the plaintiff. Thus it was appropriate for the Court in *Melton* to use the significant contacts approach so as to make the substantive law of Texas available to the plaintiff.

Rather than to purport to change the common law rule of *lex loci delictus*, amended article 4678 simply expanded the remedies available to a wrongful death plaintiff.

■ In arguing that a Texas court would apply article 4678 so as to limit the measure of recoverable damages, Defendant attempts to restrict the remedies under which the Plaintiff may pursue his wrongful death claim. Amended article 4678 was not meant to be applied restrictively to limit recovery by a wrongful death plaintiff domiciled in Texas. A restrictive interpretation of article 4678 would contradict the expansive language of the statute itself; also, the remedial nature of the 1975 amendment, in that Texas citizens were to be provided full recovery regardless of where the decedent was killed, prevents a construction that would limit recovery by the plaintiff. The Texas courts have long recognized that Texans can enforce rights given by another state's laws under article 4678, even though the Texas law affords no such similar relief. *Flaiz v. Moore,* 359 S.W.2d 872, 876 (Tex. 1962). Thus, the plaintiff can recover damages for the solace of the decedent's beneficiaries, and it is not a valid objection that Texas does not recognize such an element of damages in its wrongful death law. Affording Texas wrongful-death plaintiffs full recovery has always been the policy of article 4678, and the 1975 amendment was intended to strengthen this policy by providing that Texas law could be used where another jurisdiction would not allow complete recovery by the Texas plaintiff.

Defendant is undoubtedly correct in its contention that the significant contacts approach is now the conflict-of-laws analysis used by the Texas courts. The Supreme Court of Texas recently overruled the common law doctrine of *lex loci delictus. Guitierrez v. Collins,* Civil No. B-7943 (filed June 13, 1979). *Guitierrez* involved a personal injury claim based on article 4678. The Court distinguished the wrongful-death statutory cause of action provided for by Tex.Rev.Civ.Stat. art. 4671 (Supp. 1978–1979), and the common law personal injury cause of action. Both of these causes of action come under article 4678. However, in distinguishing the two types of causes of action contained in article 4678, the Supreme Court stated that *lex loci delictus* is mandatory only in statutory causes of action. *Id.,* p. 3. This dicta relates to pre-amendment article 4678, and it is the hold-

ing of this Court that *lex loci* is not mandatory in wrongful death actions. The Legislature intended to extend the "merely permissive" nature of the common law cause of action so as to apply also to a statutory claim brought under article 4678. Thus, as amended, article 4678 "authorizes one to bring suit in Texas, but does not dictate any conflict of law rules to be applied by the Court." *Id.* This analysis is applicable to both pre-amendment common law causes of action and post-amendment wrongful death actions. Adoption of the significant contacts choice-of-law analysis by the Texas Supreme Court is in no way inconsistent with this Court's interpretation of amended article 4678.

While an interpretation of amended article 4678 is to be influenced by the applicable choice-of-laws rule, Thomas, Conflict of Laws, 30 Southwestern L.J. 268, 292 (1976), the present cause involves a question of the availability of substantive remedies to a wrongful-death plaintiff and does not present a conflict of laws issue. Article 4678 provides that a Texas wrongful-death plaintiff can choose to proceed under the wrongful death statute of the state where the injury occurred, and all of the remedies provided by that statute are available to such a plaintiff.

■ The language of article 4678 explicitly provides that the substantive law that is "appropriate under the facts of the case" is the law to be applied in a wrongful death action. The fact that the case before the Court involves a plaintiff who is a Texas resident and the protective policy of the 1975 amendment expanding the remedies available to a wrongful-death plaintiff are both indications to this Court that the appropriate law to be applied in this case is the law chosen by the plaintiffs in their pleadings.

It is therefore ORDERED that the measure of damages to be applied in this case be and is hereby that provided by *Ark.Stat. Ann.*, Sec. 27–909.

It is further ORDERED that Defendant's motion to declare that Texas law governs be and is hereby OVERRULED.